STEPHEN M. HAYES (SBN 83583)
shayes@hayesscott.com
STEPHEN P. ELLINGSON (SBN 136505)
sellingson@hayesscott.com
JONATHAN K. MYERS (SBN 306756)
jmyers@hayesscott.com
HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Suite 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY


Edward A. Judge, Esq.
LAW OFFICE OF EDWARD A. JUDGE
110 Sutter Street, Suite 4800
San Francisco, CA 94104
Telephone: (415) 391-2447

David W.T. Brown, Esq.
Paul E. Heidenreich, Esq.
HUSKINSON, BROWN & HEIDENREICH
1200 Aviation Blvd., Suite 202
Redondo Beach, CA 90278
Telephone: (310) 545-5459

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQULYN DELANEY,<br><br>              Plaintiff,<br><br>       vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 20,<br><br>              Defendants. | CASE NO.  16-cv-01149-RS<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING: (1) PRODUCTION OF STATE FARM'S DOCUMENTS; AND (2) RESTRICTING DISSEMINATION OF DISCOVERY** |

745056                                    -1-

# I.
## STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF STATE FARM'S DOCUMENTS

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") and plaintiff Jacqulyn Delaney ("Plaintiff") hereby stipulate to the following protective order with respect to and to accommodate State Farm's production of certain documents in response to requests for production of documents propounded in this matter.

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all

745056                                               -3-

copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens

745056                                        -4-

1    on other parties) expose the Designating Party to sanctions.

2        If it comes to a Designating Party's attention that information or items that it designated for

3    protection do not qualify for protection, that Designating Party must promptly notify all other

4    Parties that it is withdrawing the mistaken designation.

5        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

6    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

7    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

8    designated before the material is disclosed or produced.

9        Designation in conformity with this Order requires:

10        (a)  for information in documentary form (e.g., paper or electronic documents, but excluding

11    transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

12    legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or

13    portions of the material on a page qualifies for protection, the Producing Party also must clearly

14    identify the protected portion(s) (e.g., by making appropriate markings in the margins).

15        A Party or Non-Party that makes original documents or materials available for inspection

16    need not designate them for protection until after the inspecting Party has indicated which material

17    it would like copied and produced. During the inspection and before the designation, all of the

18    material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

19    Party has identified the documents it wants copied and produced, the Producing Party must

20    determine which documents, or portions thereof, qualify for protection under this Order. Then,

21    before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

22    legend to each page that contains Protected Material. If only a portion or portions of the material on

23    a page qualifies for protection, the Producing Party also must clearly identify the protected

24    portion(s) (e.g., by making appropriate markings in the margins).

25        (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

26    Designating Party identify on the record, before the close of the deposition, hearing, or other

27    proceeding, all protected testimony.

28        (c)  for information produced in some form other than documentary and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is

745056

1  unwilling to participate in the meet and confer process in a timely manner.

2         6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

3  intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under

4  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of

5  the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

6  process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied

7  by a competent declaration affirming that the movant has complied with the meet and confer

8  requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a

9  motion including the required declaration within 21 days (or 14 days, if applicable) shall

10  automatically waive challenging the confidentiality designation for each challenged designation.

11  Any motion brought pursuant to this provision must be accompanied by a competent declaration

12  affirming that the movant has complied with the meet and confer requirements imposed by the

13  preceding paragraph.

14        The burden of persuasion in any such challenge proceeding shall be on the Challenging

15  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

16  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

17  All parties shall continue to afford the material in question the level of protection to which it is

18  entitled under the Producing Party's designation until the court rules on the challenge.

19  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

20         7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

21  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

22  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

23  the categories of persons and under the conditions described in this Order. When the litigation has

24  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

25  DISPOSITION).

26        Protected Material must be stored and maintained by a Receiving Party at a location and in a

27  secure manner that ensures that access is limited to the persons authorized under this Order.

28         7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a

protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

745056                                    -10-

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Plaintiff must return all Protected Material to the Defendant or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Plaintiff must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

**STIPULATION & PROTECTIVE ORDER RE PRODUCTION OF STATE FARM'S DOCUMENTS – CASE NO. 16-cv-01149-RS**

1   (DURATION).

2   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

3   Dated: December __, 2016          LAW OFFICE OF EDWARD A. JUDGE

4

5                                     By: _____
6                                          EDWARD A. JUDGE
                                           Attorney for Plaintiff
7                                          JACQULYN DELANEY

8   Dated: December __, 2016          HUSKINSON, BROWN & HEIDENREICH
9

10

11                                    By: _____
                                           DAVID W.T. BROWN
12                                         PAUL E. HEIDENREICH
                                           Attorneys for Plaintiff
13                                         JACQULYN DELANEY

14  Dated: March 2, 2017              HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

15
                                            /s/Stephen P. Ellingson
16                                    By: _____
17                                         STEPHEN M. HAYES
                                           STEPHEN P. ELLINGSON
18                                         JONATHAN K. MYERS
                                           Attorneys for Defendant
19                                         STATE FARM MUTUAL AUTOMOBILE
                                           INSURANCE COMPANY
20
                                           **[PROPOSED] ORDER**
21
            The above STIPULATION hereby becomes the PROTECTIVE ORDER of the court.
22

23  Dated: _____, 2017

24                                    By: _____
25                                         HONORABLE RICHARD SEEBORG
                                           UNITED STATES DISTRICT COURT –
26                                         NORTHERN DISTRICT

27

28

745056                                      -12-

1   (DURATION).

2   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

3   Dated: ~~December , 2016~~  3-1-17                LAW OFFICE OF EDWARD A. JUDGE

4

5                                               By:

6                                                   EDWARD A. JUDGE
                                                    Attorney for Plaintiff
7                                                   JACQULYN DELANEY

8   Dated: ~~December , 2016~~  March 1, 2017        HUSKINSON, BROWN & HEIDENREICH

9

10

11                                              By:
                                                    DAVID W.T. BROWN
12                                                  PAUL E. HEIDENREICH
                                                    Attorneys for Plaintiff
13                                                  JACQULYN DELANEY

14  Dated: December 19, 2016                    HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

15

16

17                                              By:
                                                    STEPHEN M. HAYES
                                                    STEPHEN P. ELLINGSON
18                                                  JONATHAN K. MYERS
                                                    Attorneys for Defendant
19                                                  STATE FARM MUTUAL AUTOMOBILE
                                                    INSURANCE COMPANY

20                              ~~[PROPOSED]~~ ORDER

21      The above STIPULATION hereby becomes the PROTECTIVE ORDER of the court.

22                                                   2017
23  Dated:    3/3        , ~~2016~~

24                                              By:

25                                                  HONORABLE RICHARD SEEBORG
                                                    UNITED STATES DISTRICT COURT --
26                                                  NORTHERN DISTRICT

27

28
    745056                          -12-
    STIPULATION & PROTECTIVE ORDER RE PRODUCTION OF STATE FARM'S DOCUMENTS -- CASE
                                NO. 16-cv-01149-RS

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQULYN DELANEY,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY; and DOES 1<br>through 20,<br><br>          Defendants. | CASE NO.  16-cv-01149-RS<br><br>**ACKNOWLEDGMENT AND<br>AGREEMENT TO BE BOUND FOR<br>PROTECTIVE ORDER** |

## I.
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND FOR PROTECTIVE ORDER

I am an attorney of record in the above-captioned action or a "Person Authorized to Take Custody" as defined by the Stipulation and Protective Order which is the subject of this Acknowledgment and Agreement to Be Bound ("Agreement").  I agree, prior to the inspection and viewing of all information from defendant State Farm Mutual Automobile Insurance Company ("State Farm") to plaintiff Jacqulyn Delaney ("Plaintiff") to be brought within the personal jurisdiction of the Court by signing a copy of this Agreement, signifying agreement to its provisions and the provisions of the Stipulation and Protective Order and consent to jurisdiction of the Court

745057

-1-

over my person for any proceedings involving alleged improper disclosures.

I have read the Stipulation and Protective Order regarding State Farm's production of documents to plaintiff's requests for production (the "Documents") that were withheld based upon proprietary, confidentiality, and trade secret objections.  Production of the Documents hereinafter specified shall take place by mail from and/or at Hayes Scott Bonino Ellingson & McLay, LLP, 203 Redwood Shores Parkway, Suite 480, Redwood City, California.  I agree to be subject to the jurisdiction of this Court for appropriate proceedings in the event of an alleged violation of the Stipulation and Protective Order.

The Documents produced pursuant to this Stipulation and Protective Order, including any portion of said Documents, and all notes arising from the inspection and viewing of said Documents, as well as discussions of the contents thereof, shall be used only in connection with the present case of *Jacqulyn Delaney v. State Farm Mutual Automobile Insurance Company*, United States District Court – Northern District, Case Number 16-cv-01149-RS, and no other purposes whatsoever including, but not limited to, other lawsuits, actions, claims or demands.

This _____ day of _____ 20__, I agree to the terms and conditions of the Stipulation and Protective Order and hereby enter into this Inspection and Viewing Record Agreement under penalty of perjury of the laws of the United States of America.

_____
Printed Name

_____
Signature

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND FOR PROTECTIVE ORDER – CASE NO. 16-cv-01149-RS**